# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE No.09-cr-2709-BTM-1 |
|---|---|
| Plaintiff, | |
| v. | **ORDER RE: MOTION TO REDUCE SENTENCE** |
| CHASAMONE PHRAKOUSONH, | |
| Defendant. | |

Defendant Chasamone Phrakousonh has filed a *pro se* Motion to Reduce Sentence (Doc. 294) pursuant to the Fair Sentencing Act of 2010, 18 U.S.C. § 3582(c)(2). Defendant's argument is based on a retroactive amendment to the United States Sentencing Guidelines ("U.S.S.G.") that lowered the base offense levels applicable to cocaine base ("crack") offenses under U.S.S.G. § 2D1.1.

A defendant is eligible for a sentence reduction if two prongs are satisfied: (1) the sentence is "based on a sentencing range that has subsequently been lowered by the Sentencing Commission" and (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." United States v. Wesson, 583 F.3d 728, 730 (9th Cir. 2009) (quoting 18 U.S.C. § 3582(c)(2)). See also U.S.S.G. § 1B1.10

(Reduction in Term of Imprisonment as a Result of Amended Guideline Range).  The fact that the sentence resulted from a binding plea agreement is not dispositive as to the applicability of 18 U.S.C. § 3582(c)(2).  See Freeman v. United States, 131 S. Ct. 2685 (2011).  Defendant's motion appears to be based on U.S.S.G. Amendment 750, which reduces the base offense level for crack cocaine offenses in U.S.S.G. § 2D1.1(c) by applying an 18:1 crack-to-powder ration (rather than a 100:1 ratio), effective November 1, 2011.  See U.S.S.G. Amend. 750, Supp. to App. C, Amendments to the Guidelines Manual.

It is undisputed that Defendant pled guilty to Count One of the Indictment, i.e., conspiracy "to distribute 50 grams and more of methamphetamine (actual), a Schedule II Controlled Substance," in violation of 21 U.S.C. §§ 841(a)(1), 846.  On November 1, 2010, Defendant was sentenced to 135 months incarceration plus five years of supervised release.  That sentence was based on an offense level determined by the application of the guidelines for methamphetamine, not crack cocaine. U.S.S.G. amendment concerning crack offenses is hence inapplicable to Defendant.  See Bibbs v. United States, 2012 U.S. Dist. LEXIS 24295 (S.D. Cal. Feb. 27, 2012); United States v. Armenta-Lopez, 2008 U.S. Dist. LEXIS 81714 (C.D. Cal. Apr. 7, 2008).

Defendant disputes this point, relying principally upon the Sentencing Opinion in United States v. Hayes, 948 F. Supp. 2d 1009 (N.D. Iowa 2013) (Bennett, J.).  In Hayes, the district judge voiced a policy disagreement with the methamphetamine guidelines and applied a variance, finding that a sentence within the guidelines range would be excessive.  Defendant cites several other cases applying variances, (Reply at 6-7), but none are resentencing orders based on a Guideline amendment concerning a methamphetamine conviction.  Defendant therefore fails to satisfy the first,

"based on" prong of the analysis, and is ineligible for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) at this time.

However, a proposed amendment to the Guidelines may very well lower Defendant's base offense level by two levels. <u>See</u> Proposed Amendment 782, U.S.S.G. App'x C, 2014 ed. (reducing by two levels the offense levels assigned to the quantities described in section 2D1.1 and making corresponding changes to section 2D1.11). This amendment may take effect on November 1, 2014. Therefore, the Court continues this motion until January 16, 2015 at 3:00 p.m., at which time it will consider the effect of the amendment.

The parties shall submit briefs on the effect of the amendment on or before December 19, 2014.

**IT IS SO ORDERED.**

DATED: October 1, 2014

Barry Ted Moskowitz
Chief United States District Judge